NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition is not
citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

2006-5082

GENERAL CHARLES ULYSSES SMITH,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:   October 5, 2006

_____

Before NEWMAN, <u>Circuit Judge</u>, ARCHER, <u>Senior Circuit Judge</u>, and PROST, <u>Circuit Judge</u>.

ARCHER, <u>Senior Circuit Judge</u>.

Charles Ulysses Smith ("Smith") appeals the United States Court of Federal Claims's ("Claims Court") dismissal of his complaint.  <u>Smith v. United States</u>, No. 06-79C (Fed. Cl. Mar. 14, 2006).  Because Smith's claim is barred by both the doctrine of res judicata and the statute of limitations, we <u>affirm</u>.

Prior to this case, there have been at least seven judicial dispositions involving Smith's claims against the government.[1] For this reason, we need not restate the basic facts involved.

Whether a claim is barred by the doctrine of res judicata is a question of law that we review de novo. Faust v. United States, 101 F.3d 675, 677 (Fed. Cir. 1996). The issue of whether the Claims Court properly determined that a claim was barred by the statute of limitations is also reviewed without deference. Wells v. United States, 420 F.3d 1343, 1345 (Fed. Cir. 2005).

While Smith's brief is somewhat difficult to understand, it is evident that his claim below arose from the same operative facts as his previous action against the government in the Claims Court and is based upon the same transactions and occurrences. Accordingly, the previous final judgment on Smith's claim extinguishes "all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action" arose. Young Eng'rs, Inc. v. United States Int'l Trade Comm'n, 721 F.2d 1305, 1314 (Fed. Cir. 1983) (internal quotations omitted). Further, as the Claims Court recognized in its order denying Smith's motion for reconsideration, even assuming Smith had raised new claims in his most recent complaint that had not been previously decided, any such

---

[1]    Smith filed his first complaint in the United States District Court for the District of Maryland in 1981 (this case was dismissed as untimely pursuant to 28 U.S.C. § 2401(a)); he filed his second suit against the Army with that court in 1995 (this complaint was dismissed based on res judicata grounds). In 2000, Smith filed a complaint in the Claims Court, Smith v. United States, No. 00-171C (Fed. Cl. Sept. 5, 2000) ("Smith CFC I") (this claim was dismissed for lack of subject matter jurisdiction or failure to state a claim). The current appeal stems from his second complaint filed with the Claims Court, filed in 2006 ("Smith CFC II"). Smith CFC I forms the basis for the Claims Court's res judicata determination in Smith CFC II.

claims would be time-barred, as suits against the government are subject to a six year statute of limitations.  <u>See</u> 28 U.S.C. § 2501 (1994).[2]

---

[2]    The facts giving rise to Smith's complaint occurred in 1970 when he was discharged from the Army.  Even if we were to assume that the Army Discharge Review Board's decision reclassifying Smith's discharge from a general discharge under honorable conditions to an honorable discharge restarted the clock for statute of limitation purposes, this occurred in 1976, more than six years prior to Smith's filing of his original complaint with the Claims Court.